**SHARON GILBERT TIMM, ESQ**.
Attorney I.D. 77778
Penn's Court, Suite 111
350 South Main Street
Doylestown, PA  18901
(215) 489-0179

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAROLIN BRELAND**, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 02-CV-4401 |
| v. | : | |
| | : | |
| **ATC VANCOM, INC**., | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

## ORDER

AND NOW, this          day of                      , 2002, upon consideration of Defendant's Motion to Dismiss, or in the Alternative to Transfer Venue and Plaintiff's response thereto, it is hereby ORDERED and DECREED that said motion is DENIED.

BY THE COURT,

_____
                                                                                                                      J.

**SHARON GILBERT TIMM, ESQ**.
Attorney I.D. 77778
Penn's Court, Suite 111
350 South Main Street
Doylestown, PA  18901
(215) 489-0179

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAROLIN BRELAND**, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 02-CV-4401 |
| vi. | : | |
| | : | |
| **ATC VANCOM, INC**., | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

**PLAINTIFF'S SUR-REPLY MEMORANDUM OPPOSING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TRANSFER VENUE**

Plaintiff, Carolin Breland, by and through her attorney, hereby requests this Court to deny Defendant's Motion to Dismiss or in the Alternative Transfer Venue.

 A. The Defendant has Waived Its Defenses of Insufficiency of Process
   And Service of Process, Personal Jurisdiction and Lack of Venue

Defendant claims Plaintiff attempts to create new law by arguing that the defenses of improper venue and lack of personal jurisdiction under Fed.R.Civ.P. 12(b) are somehow waived if not raised within the 20 day time frame which Rule 12(a)(1) allows for Answer to a Complaint, Reply Memorandum at p. 2.

Venue challenges are waived unless raised by motion or in the responsive pleading, Fed.R.Civ.P. 12(h)(1); <u>Stjernholm v. Peterson</u>, 83 F.3d 347, 349 (10th Cir. 1996), <u>cert. denied</u>, 519 U.S. 930 (1996)(noting that right to contest venue is waived if party fails to raise that defense either in responsive pleadings or Rule 12(b)(3) motion);

See also Frietsch v. Refco, Inc., 56 F.3d 825, 830 (7th Cir. 1995)(noting that venue objections must be asserted at the earliest possible opportunity).

Once the Rule 12 motion period and the responsive pleading time have passed, an otherwise "waived" venue defense cannot be raised by the court or on its own initiative, Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996), cert. denied, 519 U.S. 930 (1996). A defaulting defendant, thus, generally is deemed to have waived any objections to venue, Union Planters Bank, N.A., v. EMC Mortgage Corp., 67 F.Supp.2d 915, 920 (W.D.Tenn. 1999).

Defenses and objections to personal jurisdiction (Rule 12(b)(2)), improper venue (Rule 12(b)(3)), insufficient process (Rule 12(b)(4)), and insufficient service (Rule 12(b)(5)), are waived if: a) not asserted in an omnibus Rule 12 motion, if such a motion is made, or b) not asserted in the responsive pleading, of an omnibus Rule 12 motion is not made, Posner v. Essex Ins. Co., 178 F.3d 1209, 1213 n.4 (11th Cir. 1999)(defendant waived personal jurisdiction challenge by omitting this defense from Rule 12(b) motion); McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 195 (3d Cir. 1998)(untimely service waived if not raised timely); Texas Municipal Power Agency v. EPA, 89 F.3d 858, 867 (D.C.Cir. 1996)(improper venue waived for failure to object); Coleman v. Kaye, 87 F.3d 1491, 1495 (3d Cir. 1996)(absence of personal jurisdiction waived), cert denied, 519 U.S. 1084 (1997).

The waiver provision of Rule 12(h) imposes a mandatory, not discretionary, obligation upon the district court, Polaroid Corp. v. Feely, 889 F.Supp. 21 (D.Mass. 1995).

Here, Defendant claims it received an incomplete copy of the Complaint from Plaintiff, Reply memorandum at p. 2. However, as noted above, any defects in service are waived if not raised in an omnibus Rule 12 motion. Defendant failed to assert an insufficiency of process or service of process defense and cannot use it as an explanation or defense within which to claim other Rule 12 defenses.

The case cited by Defendant is inapplicable inasmuch as it is a 1985 decision, and the case cited by Plaintiff is a 1996 decision that was denied certiorari by the U.S. Supreme Court, Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996), *cert. denied*, 519 U.S. 930 (1996).

As noted in her principal brief, the responsive pleading time and the motion period time had passed. Defendant had twenty days within which to raise their waivable, at this stage, Rule 12 defenses.[1] Such waiver imposes a mandatory obligation upon this court to deny Defendant's motion.

As such, Defendant's Motion to Dismiss or in the Alternative Transfer Venue must be dismissed in its entirety.

                                                      Respectfully submitted,

Date: _____   _____
                                                    Sharon Gilbert Timm, Esquire
                                                    Attorney for Plaintiff

---

[1] Plaintiff notes the Rule 12 defenses of failure to state a claim upon which relief can be granted (Rule 12(b)(6)); failure to join an indispensable party (Rule 12(b)(7)); and failure to state a legal defense (Rule 12(f)) are waived only if not asserted before the close of trial, Eberhardt v. Integrated Design & Const., Inc., 167 F.3d 861, 870-71 (4th Cir. 1999)(ruling that Rule 12(b)(6) defense is waived after completion of trial on the merits). Subject matter jurisdiction is always at issue, Mennen Co. v. Atlantic Mutual Ins. Co., 147 F.3d 287 (3d Cir. 1998)(when jurisdiction is questioned, court is obligated to make independent determination of facts).

**SHARON GILBERT TIMM, ESQ**.
Attorney I.D. 77778
Penn's Court, Suite 111
350 South Main Street
Doylestown, PA  18901
(215) 489-0179

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAROLIN BRELAND**, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 02-CV-4401 |
| vii. | : | |
| | : | |
| **ATC VANCOM, INC**., | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

### CERTIFICATE OF SERVICE

I, Sharon Gilbert Timm, Esquire, attorney for Plaintiff, hereby certify that a true and correct copy of Plaintiff's Sur-Reply Memorandum Opposing Defendant's Motion to Dismiss or in the Alternative Transfer Venue was sent via first-class, postage prepaid mail upon the following:

> Jonathan F. Bloom, Esquire
> Stradley Ronon Stevens & Young, LLP
> 2600 One Commerce Square
> Philadelphia, PA  19103-7098

Date:  _____                    _____
                                                                                          Sharon Gilbert Timm, Esquire
                                                                                          Attorney for Plaintiff